UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bridget Barron and Tiffany Davis,<br><br>　　　　　　　Plaintiffs<br><br>v.<br><br>The United States of America,<br><br>　　　　　　　Defendant | Case No. 2:24-cv-00142-CDS-DJA<br><br>**Order Denying Defendant's<br>Motion to Bifurcate Trial**<br><br>[ECF No. 22] |

　　　　This is a Federal Tort Claims Act negligence action brought by plaintiffs Bridget Barron and Tiffany Davis against defendant United States of America (USA) following a car accident between plaintiffs and a United States Postal Service vehicle in February of 2022. *See* Compl., ECF No. 1. Plaintiffs bring a single negligence claim against the USA. *Id.* This matter is set for bench trial on September 22, 2025. Order regarding trial, ECF No. 21. On May 7, 2025, the USA filed a motion to bifurcate the trial into two: one addressing liability and the second addressing damages. Therein, the USA argues that "there is a strong likelihood this matter could be disposed of on the liability issue alone," so bifurcating would "benefit both parties," it would not prejudice either party, and it would result in costs savings should the government be deemed not liable. *See* ECF No. 22. Plaintiffs oppose the motion, arguing liability is hotly contested and the defendant's argument ignores evidence demonstrating why it is contested. *See* Opp'n, ECF No. 24. Plaintiffs also argue that bifurcation would be "prejudicial" and "does not promote the concepts of economy or convenience, *to all parties.*" *Id.* at 4 (emphasis in brief). For the reasons set forth herein, the court denies the motion to bifurcate.

I.　　Discussion

　　　　"Federal Rule of Civil Procedure 42(b) permits a court to order a separate trial of separate claims or issues '[f]or convenience, to avoid prejudice, or to expedite and economize.'"

*Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (quoting Fed. R. Civ. P. 42(b)). The plain language of Rule 42(b) "gives courts the authority to separate trials into liability and damages phases." *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993). As the Ninth Circuit has stated, "[o]ne favored purpose of bifurcation is to . . . avoid[ ] a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Courts also consider the complexity of the issues and possible jury confusion. *See IPPV Enters. v. Cable/Home Commc'n Corp.*, 1993 WL 186168 (S.D. Cal. Jan. 4, 1993). In determining whether bifurcation of damages is appropriate, the court is mindful that bifurcation "is the exception rather than the rule of normal trial procedure" within the Ninth Circuit. *See Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)). Finally, a decision to bifurcate is dependent on the facts and circumstances of each case. *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228 (3d Cir. 1972).

     As a threshold matter, there is little concern about confusion regarding the issues because the parties have agreed to a bench trial. This weighs against bifurcation. Second, based on the moving papers alone, it is clear that the parties greatly dispute liability. Defendant contends its lack of liability is essentially an open and shut case, whereas the plaintiffs strongly disagree. It appears the question of what sort of damage (or damages) incurred because of the accident may be intertwined with the question of liability. This, too, weighs against bifurcation. Last, the parties agree that the trial should take approximately three days. *See* Joint pretrial order, ECF No. 20 at 12. The limited trial time also suggests that bifurcating would be more complicated than necessary to simply allow the parties to present liability and damages in the same trial. As a result, the court is not convinced this case meets the "exceptional" requirement for bifurcation of liability and damages, nor is the court convinced that bifurcation will necessarily promote judicial economy and avoid inconvenience or prejudice to the parties. Accordingly, the court finds that bifurcation of the trial in this case is not appropriate, so the USA's motion is denied.

II.  Conclusion

IT IS HEREBY ORDERED that the United States of America's motion to bifurcate [ECF No. 22] is DENIED.

IT IS FURTHER ORDERED that the parties must file a joint status report, by August 27, 2025, advising the court if referral to a settlement conference would be productive, or if the parties anticipate going forward on the September 22, 2025 trial date.

Dated: August 13, 2025

_____
Cristina D. Silva
United States District Judge

3